Hillsborough, ⎱
Jan. 2, 1952. ⎰ No. 4079.

MADELINE KOTARBA *v.* ANDREW KOTARBA.

*Devine & Millimet* and *Earl J. Dearborn* (*Mr. Dearborn* orally), for the libelant.

*Chretien & Craig* and *James A. Manning* (*Mr. Craig* orally), for the libelee.

LAMPRON, J. In support of his position the libelee relies mainly on the cases of *K* v. *K*, 43 N. H. 164; *Smith* v. *Smith*, 43 N. H. 234,

and *Geers* v. *Geers,* 95 N. H. 316. An examination of those decisions will disclose that the libel in each of them consisted of a general charge made against the libelee without setting forth the main facts upon which the charge was to be maintained. The libel in the case before us does specify the acts complained· of but fails to set them out with such particularity of time, place, and in some instances, circumstances as is required by *K* v. *K, supra; Smith* v. *Smith, supra;* and Superior Court rule 125 (93 N. H. appendix).

This defect however should be attacked by the libelee by motion, made preferably before joining issue (71 C. J. S. 1119), asking that libelant be made to particularize his allegations in those respects or that the libel be dismissed on failure to do so. *Buck* v. *Buck,* 97 N. H. 178.

The libel here was adequate to inform counsel of the nature of the dispute, he was able to file an answer, and was sufficient to enable the Court to decide the controversy on its merits. *Morency* v. *Plourde,* 96 N. H. 344; 17 Am. Jur. 302. Libelee's motion to dismiss made before hearing was therefore properly denied.

It seems to us however that much of the valuable time of court and of counsel would be saved and the ends of justice better and easier served if attorneys for libelants would strive to draw their libels in accordance with the requirements of Superior Court rule 125.

There was sufficient evidence to support a decree of divorce on the grounds of treatment such as to seriously injure health. *Szulc* v. *Szulc,* 96 N. H. 190. Accordingly the order must be

*Exceptions overruled.*

All concurred.